# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL GATTO, | ) |
| Plaintiff, | ) ) ) Case No. _____ |
| v. | ) ) JURY TRIAL DEMANDED |
| NET ELEMENT, INC., OLEG FIRER, JON NAJARIAN, JOHN ROLAND, TODD RAARUP, MULLEN AUTOMOTIVE, INC., MULLEN TECHNOLOGIES, INC., and MULLEN ACQUISITION, INC., | ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. On May 14, 2021, Net Element, Inc.'s ("Net Element" or the "Company") Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an amended and restated agreement and plan of merger (the "Merger Agreement") with Mullen Technologies, Inc. ("Mullen Technologies"), Mullen Automotive, Inc. ("Mullen"), and Mullen Acquisition, Inc. ("Merger Sub").

2. Pursuant to the terms of the Merger Agreement, among other things: (i) Merger Sub will merge with and into Mullen, with Mullen surviving as a wholly-owned subsidiary of Net Element; and (ii) Net Element will issue shares of common stock to the stockholders of Mullen (the "Proposed Transaction").

3. On May 14, 2021, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Net Element common stock.

9. Defendant Net Element is a Delaware corporation and maintains its principal executive offices at 3363 NE 163rd Street, Suite 705, North Miami Beach, Florida 33160. Net Element's common stock is traded on the NASDAQ under the ticker symbol "NETE."

10. Defendant Oleg Firer is Chief Executive Officer and Chairman of the Board of the Company.

11. Defendant Jon Najarian is a director of the Company.

12. Defendant John Roland is a director of the Company.

13. Defendant Todd Raarup is a director of the Company.

14. The defendants identified in paragraphs 10 through 13 are collectively referred to herein as the "Individual Defendants."

15. Defendant Mullen Technologies is a California corporation and a party to the Merger Agreement.

16. Defendant Mullen is a California corporation, a wholly-owned subsidiary of Mullen Technologies, and a party to the Merger Agreement.

17. Defendant Merger Sub is a California corporation, a wholly-owned subsidiary of Net Element, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

18. Net Element operates a payments-as-a-service transactional and value-added services platform for small to medium enterprise in the U.S. and selected emerging markets.

19. On May 14, 2021, Net Element's Board caused the Company to enter into the Merger Agreement.

20. Pursuant to the terms of the Merger Agreement, among other things: (i) Merger Sub will merge with and into Mullen, with Mullen surviving as a wholly-owned subsidiary of Net Element; and (ii) Net Element will issue shares of common stock to the stockholders of Mullen.

21. According to the press release announcing the Proposed Transaction:

Net Element, Inc. (NASDAQ: NETE) ("Net Element" or the "Company") today reports its financial results for the quarter ended March 31, 2021, and updates shareholders on the pending merger with privately held Mullen Automotive, Inc. ("Mullen"), a Southern California-based electric vehicle ("EV") company, in a stock-for-stock reverse merger in which, subject to the merger being consummated, Mullen's stockholders will receive a majority of the outstanding stock in the post-merger Company. . . .

While the registration statement filed on Form S-4 with the SEC (the "Registration Statement") has not yet become effective and the information contained therein is subject to change, the Registration Statement provides important information about Net Element's proposed merger with Mullen and the related proposals to be considered by the Net Element stockholders. The Registration Statement, including the proxy statement contained therein, when declared effective by the SEC, will contain important information about the proposed business combination contemplated by the Amended and Restated Agreement and Plan of Merger by and among the Company, Mullen Automotive, Inc., Mullen Technologies, Inc. and Mullen Acquisition, Inc. (the "Merger Agreement").

Completion of the merger is subject to approval by stockholders and other customary closing conditions, including the registration statement being declared effective by the SEC. Once the Registration Statement has been declared effective by the SEC, the final joint proxy statement contained in the Registration Statement will be mailed to shareholders of the Company prior to the shareholder vote on the merger and related proposals.

### *The Registration Statement Omits Material Information*

22. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

23. As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction.

24. First, the Registration Statement omits the Company's and Mullen's financial projections.

25. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows

stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

26. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Alexander Capital.

27. With respect to Alexander Capital's Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the projections used in the analysis, including unlevered cash flows and all underlying line items, and Alexander Capital's adjustments thereto; (ii) the terminal values; (iii) the individual inputs and assumptions underlying the discount rates and perpetual growth rates used in the analysis; and (iv) the current outstanding shares used in the analysis.

28. With respect to Alexander Capital's Public Comparable Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the companies.

29. With respect to Alexander Capital's Present Value of Future Share Price Analysis, the Registration Statement fails to disclose: (i) the projections used in the analysis and Alexander Capital's adjustments thereto; and (ii) the individual inputs and assumptions underlying the discount rates used in the analysis.

30. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

31. Third, the Registration Statement fails to disclose material information regarding Alexander Capital.

32. The Registration Statement fails to disclose the amount of compensation Alexander Capital has received or will receive in connection with its engagement.

33. The Registration Statement fails to disclose the amount of Alexander Capital's compensation that is contingent upon the consummation of the Proposed Transaction.

34. The Registration Statement fails to disclose whether Alexander Capital has performed past services for the parties to the Merger Agreement or their affiliates, and if so, the timing and nature of the services and the amount of compensation received by Alexander Capital for providing the services.

35. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

36. Fourth, the Registration Statement fails to disclose whether the Company entered into any confidentiality agreements that contained don't ask, don't waive provisions.

37. The omission of the above-referenced material information renders the Registration Statement false and misleading.

38. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Net Element**

39. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

40. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts

necessary to make the statements therein not materially false or misleading. Net Element is liable as the issuer of these statements.

41. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

42. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

43. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

44. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

45. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

46. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act**
**Against the Individual Defendants, Mullen Technologies, Mullen, and Merger Sub**

47. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48.     The Individual Defendants, Mullen Technologies, Mullen, and Merger Sub acted as controlling persons of Net Element within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or Board members of Net Element and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

49.     Each of the Individual Defendants, Mullen Technologies, Mullen, and Merger Sub was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

50.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Registration Statement.

51.     Mullen Technologies, Mullen, and Merger Sub also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

52.     By virtue of the foregoing, the Individual Defendants, Mullen Technologies, Mullen, and Merger Sub violated Section 20(a) of the 1934 Act.

53. As set forth above, the Individual Defendants, Mullen Technologies, Mullen, and Merger Sub had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: June 3, 2021            **RIGRODSKY LAW, P.A.**

                                               By: */s/ Gina M. Serra*
                                                    Seth D. Rigrodsky (#3147)
                                                    Gina M. Serra (#5387)
                                                    Herbert W. Mondros (#3308)
                                                    300 Delaware Avenue, Suite 210
                                                    Wilmington, DE 19801
                                                    Telephone: (302) 295-5310
                                                    Facsimile: (302) 654-7530
                                                    Email: sdr@rl-legal.com
                                                    Email: gms@rl-legal.com
                                                    Email: hwm@rl-legal.com

                                                    *Attorneys for Plaintiff*